UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUGLAS LONGHINI, and
ACCESS 4 ALL, INC.

     Plaintiffs,
v.

NABA REALTY LLC,

     Defendant.
_____/

## COMPLAINT

Plaintiffs, DOUGLAS LONGHINI, and ACCESS 4 ALL, INC., on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiffs"), sue, NABA REALTY LLC (hereinafter "Defendant"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, *et seq.*, (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

4. Plaintiff, DOUGLAS LONGHINI, is an individual over eighteen years of age,

and is otherwise *sui juris.* Plaintiff is a member of the Not-for-Profit Corporation, ACCESS 4 ALL, INC.

5. Plaintiff, ACCESS 4 ALL, INC., is a non-profit Florida Corporation, formed under the laws of the State of Florida. Access maintains its principal office at 3200 N. Palm Aire Dr., #505, Pompano Beach, FL 33069, in the County of Broward. Members of this organization include individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation and public entities are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

6. At all times material, Defendant, NABA REALTY LLC, was and is a Foreign Limited Liability Company, organized under the laws of the state of Delaware, with its principal place of business in Miami, Florida.

7. At all times material, Defendant, owned and operated a commercial property location at 800 Brickell Avenue, Miami, Florida 33131 (hereinafter the "Commercial Property"). Defendant, holds itself out to the public as "800 Brickell."

8. Venue is properly located in the Southern District of Florida because Defendant's Commercial Property is located in Miami, Florida, Defendant regularly conducts business within Miami, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami, Florida.

FACTUAL ALLEGATIONS

9. Although over twenty-nine (29) years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with

disabilities.

10. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's Commercial Property and the businesses therein, including the retail shopping store.

11. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12. Plaintiff, DOUGLAS LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, DOUGLAS LONGHINI, is, among other things, a quadriplegic, diagnosed with cerebral palsy and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

13. Plaintiff, ACCESS 4 ALL, INC., is a non-profit Florida corporation, formed under the laws of the State of Florida. Members of this organization include individuals with disabilities as defined by the ADA and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation and public entities are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

14. Defendant, owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein, and it owns, operates, and oversees said Commercial Property located in Miami, Florida, that is the subject of this Action.

15. The subject Commercial Property is open to the public and is located in Miami,

Florida. The Plaintiffs have visited the Commercial Property on multiple occasions including, without limitation, October 13, 2023, October 27, 2023, December 1, 2023, and on January 8, 2024 to meet with counsel for ACCESS 4 ALL, Inc. Plaintiffs encountered multiple violations of the ADA that directly affected their ability to use and enjoy the subject Commercial property. Plaintiffs have the need to visit the subject Commercial Property and plan to return in order to avail themselves of the goods and services offered to the public at the businesses therein, if the property/business become accessible.

16. Plaintiffs visited the Commercial Property as patrons/customers, visit the Commercial Property and businesses within the Commercial Property as patrons/customers, and intend to return to the Commercial Property and businesses therein in order to avail themselves of the goods and services offered to the public at the property. Plaintiffs spend time in and near Miami, Florida and in the same state as the Commercial Property and intend to return to the property in the future.

17. The Plaintiffs found the Commercial Property to be rife with ADA violations. The Plaintiffs encountered architectural barriers at the Commercial Property and wish to continue their patronage and use of the premises.

18. The Plaintiffs have encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses therein. The barriers to access at Defendant's Commercial Property and businesses within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs and others similarly situated.

19. Defendant owns and/or operates, a place of public accommodation as defined

by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and/or operates is the Commercial Property business located at 800 Brickell Avenue, Miami, Florida 33131.

20. Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the Commercial Property and the businesses located within the Commercial Property, in violation of the ADA. Plaintiffs desire to visit the Commercial Property and businesses located within the Commercial Property, not only to avail themselves of the goods and services available at this Commercial Property and businesses therein, but to assure themselves that the property and businesses therein are in compliance with the ADA, so that they and others similarly situated will have full and equal enjoyment of the property and businesses therein without fear of discrimination.

## COUNT I – ADA VIOLATIONS

21. The Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 18 above as though fully set forth herein.

22. Defendant has discriminated against the individual Plaintiff, DOUGLAS LONGHINI, by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

23. Defendant has discriminated against the Plaintiff, ACCESS 4 ALL, Inc., by denying its members access to, and full and equal enjoyment of, the goods, services, facilities,

privileges, advantages and/or accommodations of the Commercial Property and other businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

24. Defendant has discriminated, and continues to discriminate, against Plaintiffs in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiffs encountered during their visit to the Defendant's Commercial Property and businesses within the Commercial Property, include, but are not limited to, the following:

A. Parking and Exterior Accessible Route

i. Parking for the public does not provide an adequate number of van accessible parking spaces, violating Section 208.2.4 of the 2010 ADA Standards for Accessible Design.

ii. There is not at least 98 inches of vertical clearance provided for the van accessible space, violating Section 502.5 of the 2010 ADA Standards for Accessible Design.

iii. Accessible parking spaces and access aisles contain slopes steeper than 1:48, violating Section 502.4 of the 2010 ADA Standards for Accessible Design.

iv. Accessible spaces are not located on the nearest most direct accessible route to accessible entrance(s) in violation of section 208.3.1 of the 2010 ADA Standards for Accessible Design.

v. Running slopes on exterior accessible routes to sidewalk are greater than 1:20, in violation of Section 403.3 of the 2010 ADA Standards for Accessible Design.

vi. There are at least two (2) Cross Slopes greater than 1:48 on exterior accessible routes, violating Section 403.3 of the 2010 ADA Standards for Accessible Design.

B. <u>Ramps and Entrance Access</u>

i. Ramps contain running slopes greater than 1:12 violating Section 405.2 of the 2010 ADA Standards for Accessible Design.

ii. Ramps contain improper landings with slope greater than 5%, in violation of Section 405.7 of the 2010 ADA Standards for Accessible Design.

iii. Ramp has a rise higher than 6 inches in violation of Section 405.8 of the 2010 ADA Standards for Accessible Design.

iv. Ramp does not provide handrails on both sides in violation of Section 405.8 of the 2010 ADA Standards for Accessible Design.

v. Inaccessible entrances lack signs indicating the location of the nearest accessible entrance, violating Section 216.6 of the 2010 ADA Standards for Accessible Design.

C. <u>Interior Accessible Routes</u>

i. Running slope of interior walking surface is steeper than 1:20 in violation of Section 403.3 of the 2010 ADA Standards for Accessible Design.

D. <u>Tables, Counters, and Lines</u>

i. Shelf or dispensing device at Just Salad contains an obstruction greater than 34 inches AFF, in violation of Section 308.3.2 of the ADA Standards for Accessible Design.

ii. Seating and tables at Just Salad lack proper knee and toe clearances in violation of Section 902 of the 2010 ADA Standards for Accessible Design.

iii. Dining counters and bars at Just Salad are greater than 34 inches AFF and thus fail to comply with Section 226.1 of the 2010 ADA Standards for Accessible Design.

iv. Dining tables at Just Salad do not include accessible seating, therefore fail to comply with Section 226 of the 2010 ADA Standards for Accessible Design.

    v.     Check writing surface at Poke House is less than 28 inches or greater than 34 inches above the floor in violation of the 2010 ADA Standards for Accessible Design.

    vi.    Seating and tables at Poke House lack proper knee and toe clearances in violation of Section 902 of the 2010 ADA Standards for Accessible Design.

    vii.   Dining counters and bars at Poke House are greater than 34 inches AFF, and thus fail to comply with Section 226.1 of the 2010 ADA Standards for Accessible Design.

    viii.  Dining tables at Poke House do not include accessible seating, therefore fail to comply with Section 226 of the 2010 ADA Standards for Accessible Design.

E. <u>Toilet Rooms</u>

    i.     Centerline of the water closet in the Just Salad restroom is less than 16 inches or greater than 18 inches from the side wall or partition, violating Section 604.2 of the 2010 ADA Standards for Accessible Design.

    ii.    Rear grab bar in the Just Salad restroom is mounted greater than 36 inches AFF, thus failing to comply with Section 604.5 of the 2010 ADA Standards for Accessible Design.

    iii.   Toilet paper dispenser in Just Salad restroom is located less than 7 inches or greater than 9 inches from the front of the water closet to the centerline of the dispenser, violating Section 604.7 of the 2010 ADA Standards for Accessible Design.

    iv.   The reflecting surface of a mirror over a lavatory or countertop is higher than 40 inches above the floor in the lobby restroom in violation of Section 603.3 of the 2010 ADA Standards for Accessible Design.

    v.     Coat hook in the lobby restroom is less than 15 inches or greater than 48 inches above the floor, violating Section 603.4 of the 2010 ADA Standards for Accessible Design.

vi. The side grab bar in the lobby restroom is improperly mounted failing to comply with Section 604.5 of the 2010 ADA Standards for Accessible Design.

vii. Door in the lobby restroom contains improper maneuvering clearance in violation of Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design.

viii. Public office restrooms are provided with no accessible toilet room, in violation of Section 213.2 of the 2010 ADA Standards for Accessible Design.

ix. Inaccessible public office restrooms lack directional signage providing directions to accessible toilet rooms in violation of 216.8 of the 2010 ADA Standards for Accessible Design.

x. Door in the public office restroom contains improper maneuvering clearance to exit in violation of Section 404.2.4 of the 2010 ADAS.

xi. Door in the public office restroom contains improper push side maneuvering clearance in violation of Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

xii. The reflecting surface of a mirror over a lavatory or countertop is higher than 40 inches above the floor in the public office restroom in violation of Section 603.3 of the 2010 ADA Standards for Accessible Design.

xiii. Coat hook in public office restrooms is less than 15 inches or greater than 48 inches above the floor violating Section 603.4 of the 2010 ADA Standards for Accessible Design.

xiv. Proper clearance around the water closet in the lobby restroom is not provided due to inaccessible design, violating Section 604.3.1 of the 2010 ADA Standards for Accessible Design.

## RELIEF SOUGHT AND THE BASIS

25. The discriminatory violations described in this Complaint are not an exclusive list of the Defendant's ADA violations. Plaintiffs request an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the businesses therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

26. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

27. Defendant has discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to

discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29. While Defendant as landlord and owner of the Commercial Property Business, is primarily responsible for all ADA violations listed in this Complaint, tenants and landlords can be held is jointly and severally liable for ADA violations.

30. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

31. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees

and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to alter the property where Defendant operates their business, located within the Commercial Property located in Miami, Florida, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiffs, DOUGLAS LONGHINI, and ACCESS 4 ALL, INC. respectfully request that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 2, 2024.

        Respectfully Submitted,

        <u>/s/ R. Edward Rosenberg</u>
        R. Edward Rosenberg, Esquire
        Florida Bar No.: 88231

        SORONDO ROSENBERG LEGAL PA
        1825 Ponce De Leon Blvd. #329
        Coral Gables, Florida 33134
        T: 786.708.7550
        F: 786.204.0844
        E: rer@sorondorosenberg.com

        Attorney for Plaintiff